**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TODD SHARP, MARIA SHARP,

        Plaintiffs - Appellants,

v.

NATIONSTAR MORTGAGE, LLC;
AURORA LOAN SERVICES,

        Defendants - Appellees.

No. 15-15066

D.C. No. 5:14-cv-00831-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Before: W. FLETCHER, RAWLINSON, Circuit Judges, and PRATT**, District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**    The Honorable Robert W. Pratt, District Judge for the U.S. District
Court for the Southern District of Iowa, sitting by designation.

1

Todd and Maria Sharp (the Sharps) appeal the district court's order granting the motion to dismiss filed by defendants Nationstar Mortgage, LLC, (Nationstar) and Aurora Commercial Corp. (Aurora) pursuant to Fed. R. Civ. P. 12(b)(6).[1] The Sharps assert that the district court's application of judicial estoppel was an abuse of discretion.[2]

We review a district court's dismissal under Rule 12(b)(6) *de novo*. *See Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017). "We may affirm on any basis supported by the record, whether or not relied upon by the district court." *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (citation omitted).

**1.** In California, the statute of limitations for fraud is three years from "the discovery, by the aggrieved party, of the facts constituting the fraud." Cal. Civ. Proc. Code § 338(d). The Sharps had notice sufficient to prompt a reasonable person to inquire regarding any asserted misrepresentation when they received a letter from Aurora dated November 24, 2010, alerting them to the referral for foreclosure. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1056

---

[1] Although the caption lists Aurora Loan Services as the Defendant, the parties agree that Aurora Commercial Corp. is the proper defendant.

[2] Because we conclude that the Sharps' claims fail on the merits, we do not address the district court's application of judicial estoppel.

(9th Cir. 2008) ("It is the discovery of facts, not their legal significance, that starts the statute.") (citation and alteration omitted). More than three years elapsed between the November, 2010, letter and the filing of the initial complaint in January, 2014, rendering the Sharps' misrepresentation and conversion claims time-barred. *See id.*; *see also* Cal. Civ. Proc. Code § 338(a).

2. Under California law, there is no independent civil cause of action for embezzlement; any embezzlement claim is subsumed in a claim for conversion. *See In re Basinger*, 45 Cal. 3d 1348, 1363 (1988) (in bank). Because the Sharps' conversion claim is time-barred, no viable cause of action remains on the purported embezzlement claim.

3. Neither Aurora nor Nationstar breached a contract with the Sharps by failing to offer a loan modification or foreclosure alternative after the expiration of the Workout Agreement. The terms of the Workout Agreement explicitly established the lender's discretion to offer a new modification agreement or to resume foreclosure proceedings absent a new agreement. "If contractual language is clear and explicit, it governs." *County of San Diego v. Ace Prop. & Cas. Ins. Co.*, 37 Cal. 4th 406, 415 (2005) (citations omitted).

4. The Sharps' claim for breach of the implied covenant is materially identical to the breach of contract claim. "Where allegations for breach of the

implied covenant do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated. . . ." *Shaterian v. Wells Fargo Bank, N.A.,* 829 F. Supp. 2d 873, 884 (N.D. Cal. 2011) (citations and internal quotation marks omitted).

 **5.** When the alleged promises in a claim for promissory estoppel relate to a loan modification, in California a lack of definitive terms for the loan "renders the alleged promises insufficiently clear and unambiguous to support a promissory estoppel." *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1179 (2016) (citation omitted). The only document offered by the Sharps in support of this cause of action is a letter from Aurora that did not include any terms for a proposed loan modification and did not state in clear, unambiguous terms that a loan was guaranteed. Because the Sharps did not allege that there were additional promises subsequent to this letter containing specific terms, they cannot have reasonably relied upon the contents of the letter as containing a future promise, and are unable to sufficiently plead a cause of action for promissory estoppel. *See id.*

**6.** The Sharps' negligence allegations were not sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money. . . ." *Nymark v. Heart Fed. Sav. & Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991) (citations omitted).

**7.** After filing three amended complaints, the Sharps nevertheless failed to plead a viable cause of action for any of their claims. Thus, dismissal of the action without further leave to amend was warranted. *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the district court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing leave to amend after the first amendment . . .") (citations and internal quotation marks omitted).

**AFFIRMED.**